HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM OSTLING, individually and as Personal Representative of the Estate of DOUGLAS OSTLING, deceased; JOYCE OSTLING; and TAMARA OSTLING,<br><br>                Plaintiff,<br><br>    v.<br><br>CITY OF BAINBRIDGE ISLAND, a political subdivision of the State of Washington; Jon Fehlman; and JEFF BENKERT,<br><br>                Defendants. | No.11-05219-RBL<br><br>ORDER DENYING THE CITY OF BAINBRIDGE ISLAND'S MOTION FOR JUDGMENT ON THE PLEADINGS [Dkt. #10]. |

THIS MATTER comes before the Court on Defendant City of Bainbridge Island's Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). [Dkt. #10]. The City seeks judgment on Plaintiffs' *Monell* claim under 42 U.S.C. §1983. Plaintiffs contend that their Amended Complaint [Dkt. #6] sufficiently establishes the claim.

**I.    FACTS**

Plaintiffs are suing Bainbridge Island police officer Jeff Benkert for excessive use of deadly force. On October 26, 2010, Doug Ostling, an individual suffering from mental illness, made "bizarre and nonsensical" comments to a 911 operator. [Pl. Resp., Dkt. #11, at p. 4]. The Bainbridge Island Police Department (BIPD) sent two officers to check on Doug at his residence,

ORDER - 1

a studio apartment above his parents' garage. The officers obtained a key to Doug's apartment from his parents and announced their presence at Doug's door. Despite Doug's assurances that he was fine and requesting that the officers leave, the officers entered the apartment. The City claims—and Plaintiffs deny—that Doug charged at the officers with an axe. The second officer attempted to taser Doug, but failed. According to Plaintiffs, Officer Benkert panicked and fired his gun three times as Doug tried to close the door on the officers, striking Doug in the leg. The officers ran to their car and called for backup. Doug was left alone in his apartment for an hour and fifteen minutes and bled to death.

In addition to the excessive force claim against Officer Benkert, Doug's parents and sister are suing the City of Bainbridge Island under *Monell*. [Dkt. #6]. Plaintiffs claim that the City failed to adequately train its police officers to handle individuals suffering from psychological or mental distress; that the City failed to adopt policies and procedures for addressing situations involving the mentally ill; and that these procedural failures caused the death of Doug Ostling by excessive force. The City brings this Motion for Judgment on the Pleadings [Dkt. #10], arguing that Plaintiffs have not asserted any facts that support their *Monell* claim. Plaintiffs respond that their *Monell* liability claims are plausible and will be supported by evidence at trial.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) allows a party to move the Court for a judgment on the pleadings. A Rule 12(c) motion is evaluated under the same standard as a motion under Rule 12(b)(6). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

### III. DISCUSSION

**Plaintiffs allege sufficient facts to support a *Monell* claim.**

The City argues that Plaintiffs recite the elements of a *Monell* claim, but do not assert facts to support it. In order to set forth a claim against a municipality under 42 U.S.C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646–47 (9th Cir. 1991). Under *Monell*, a plaintiff must allege (1) that a municipality employee violated a constitutional right; (2) that the municipality has customs or policies that amount to deliberate indifference; and (3) those customs or policies were the "moving force" behind the constitutional right violation.

ORDER - 3

*Board of County Com'rs v. Brown*, 520 U.S. 397, 404 (1997). A municipality is not liable simply because it employs a tortfeasor. *Monell*, 436 U.S. at 691. A municipality may be liable for inadequate police training when "such inadequate training can justifiably be said to represent municipal policy" and the resulting harm is a "highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Long v. County of Los Angeles*, 442 F.3d 1178, 1186 (9th Cir. 2006); *id.* (quoting *Board of County Com'rs*, 520 U.S. at 409).

The City argues that Plaintiffs have not asserted any specific facts to support their *Monell* claim. Under Rule 12(c), Plaintiffs must only assert enough facts to raise a right to relief under §1983 above the speculative level. *Twombly*, 550, U.S. at 555. Plaintiffs assert that police officers knew Doug was mentally impaired; that officers went to his apartment to check on Doug after he made a "bizarre" but nonviolent 911 call; that the tone and nature of the 911 call made clear that Doug was mentally ill; that officers entered Doug's apartment despite Doug's requests that they leave; that Doug was not wielding an axe; that Officer Benkert "panicked" and fired his gun three times at Doug; that Chief Officer Fehlman did not discipline the officers for the shooting; that the BIPD failed to train their officers in de-escalation and non-lethal techniques; and that BIPD "regularly come into contact" with the mentally ill. [Am. Complaint, Dkt. #6, at p. 3–6]. All of these facts, if accepted as true, would support a claim that Officer Benkert's actions were a result of the City's failure to train officers or implement BIPD policies designed to prevent deadly force against mentally distressed individuals. Plaintiffs' factual assertions are sufficient under *Twombly*'s plausibility standard.

The City argues that the "deliberate indifference" required to support a *Monell* claim requires Plaintiffs to establish the City's actual, subjective knowledge of the risk. But Plaintiffs

need not establish actual knowledge at this stage of litigation. It is enough that they allege sufficient facts that, if accepted as true, would support a showing of the City's deliberate indifference in the form of a custom or policy.

The City also argues that Plaintiffs must show a "pattern of prior problems" of interactions between the BIPD and the mentally disabled. They cite *Board of County Commissioners v. Brown*, 520 U.S. 397, 407–08 (1997), for the proposition that "[t]he existence of a pattern of tortuous conduct by inadequately trained employees may tend to show that the lack of proper training, rather than a one-time negligent administration of the program . . . is the 'moving force' behind the plaintiff's injury."

It is true that a pattern of problems "*may tend to show*" inadequate training. But a "pattern of prior problems" is not a *required* element of a *Monell* claim, and is not necessary to survive Rule 12(c) dismissal. *See Monell*, 436 U.S. at 690.

Finally, the City argues that Plaintiffs' allegations do not meet the burden of establishing a *Monell* claim: "[P]ermitting cases against cities for their 'failure to train' employees to go forward under §1983 under a lesser standard of fault would result in *de facto* respondeat superior liability on municipalities," which *Monell* expressly rejected. *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). While it is true that Plaintiffs must ultimately demonstrate that their *Monell* claim does not rest on a respondeat superior theory, they are not required to prove its merits at this stage. This sort of challenge to Plaintiffs' *Monell* claim is more appropriate under Rule 56.

////

////

////

////

## IV. CONCLUSION

Under Fed. R. Civ. 12(c), Plaintiffs have alleged sufficient facts to support a *Monell* claim. The City's Motion for Judgment on the Pleadings [Dkt. #10] is DENIED.

**IT IS SO ORDERED.**

Dated this 12th day of July, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE