HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM OSTLING, individually and as personal representative of the ESTATE OF DOUGLAS OSTLING, deceased; JOYCE OSTLING; and TAMARA OSTLING<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BAINBRIDGE ISLAND, a political subdivision of the State of Washington; JON FEHLMAN; and JEFF BENKERT,<br><br>Defendants. | No. 11-cv- 5219 RBL<br><br>ORDER |

## ISSUE

Defendants have moved for reconsideration of the Court's order denying certain parts of their motion for summary judgment. (*See* Defs.' Mot. for Reconsideration (Dkt. #102).) Specifically, Defendants argue that the Court should have dismissed Plaintiffs' failure-to-aid claim, that Defendants' alleged failure to aid did not cause Douglas Ostling's death, and lastly, that Chief Fehlman had no role in restricting aid.

## DISCUSSION

Under Local Rule 7(h), motions for reconsideration are disfavored and will ordinarily be denied, absent a showing of manifest error or a new factual or legal basis which could not have been raised earlier. Here, although Plaintiffs' briefing alleges that "Defendants"—in the plural—failed to provide medical aid (Pls.' Resp. to Mot. for Summ. J. at 31–32), the Amended Complaint does not outline a claim against Chief Fehlman for failure to aid (*see* Am. Compl.

Order - 1

¶ 37; ¶¶ 41–47 (specifying claims against Officer Benkert from those against Chief Fehlman and the City of Bainbridge Island)). To expand the scope of the failure-to-aid claim at this juncture would be inappropriate. The Court thus grants the motion and dismisses any claim against Chief Fehlman based on his individual conduct in restricting aid to Douglas Ostling.

On the remaining two points, Defendants ask the Court to weigh the evidence, a task it cannot do. Defendants argue that Bainbridge officers acted reasonably in assuming that Douglas was armed with a firearm and that it was unsafe and unreasonable as a matter of law to look through the skylight of Douglas's apartment until six (but not five) officers had arrived. (Defs.' Mot. for Reconsideration at 2.)

Claims under the Fourth Amendment, including claims for excessive force and failure to render post-arrest medical care, are subject to an objective-reasonableness test. *Tatum v. City & Cnty. of San Francisco*, 441 F. 3d 1090, 1099 (9th Cir. 2006). Plaintiffs have presented evidence, in the form of both eye-witness and expert testimony, that it would have been reasonable to investigate Douglas's condition immediately following the shooting. *See* Decl. of William Ostling ¶¶ 17–18 (Dkt. #68); Decl. of Susan Peters ¶ 17(Dkt. #70); Decl. of D.P. Van Blaricom ¶ 27 (Dkt. #69). Defendants argue that "officers *must assume* Douglas had a firearm" because officers should generally assume that everybody is armed, and thus, only when six officers had arrived could they safely peer through the skylight. (Defs.' Mot. for Reconsideration at 2.)[1] To this Court's knowledge, there is no constitutional rule of "six-

---

[1] Defendants grossly misread Ms. Peters's deposition testimony. (Defs.' Mot. for Reconsideration at 3.) Defendants cite Ms. Peters's testimony for the proposition that "it was not safe to climb on the roof until six officers were present." *Id.* (emphasis in original). But, Ms. Peters testified only that six officers would have been "definitely safe" and sufficient to secure the house and allow officers to check on Douglas, not that it was unsafe and unreasonable to check on Douglas with fewer than six officers. Indeed, Ms. Peters testified on the same page of deposition transcript that "you could do it [i.e., check on Douglas] with maybe four or five [officers]." Decl. of Stewart Estes at 34 (Dep. of Susan Peters at 77–79) (Dkt. #52).
   Further, Defendants accuse the Court of creating "a new constitutional duty for an officer to personally take steps to secure a scene so that aid can enter." (Defs.' Mot. for Reconsideration at 2 n.1.) The Court has done no such thing; rather, the Supreme Court did. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (noting that government must "provide medical care to persons . . . who have been injured while being apprehended by the police"). The test to determine if officers have met the duty to provide medical care is that of objective reasonableness. *Tatum*, 441 F.3d at 1099 (citing *Graham v. Connor*, 490 U.S. 386 (1989)). In this case, Plaintiffs have presented evidence that multiple officers were on the scene immediately following the shooting, that officers knew Douglas had been hit, that there was no indication that Douglas had a firearm, and that officers could have safely investigated Douglas's condition by looking through the skylight. The Court denied qualified immunity because if Plaintiffs' theory of events were correct, it would be clearly unreasonable for officers to make little or no effort to investigate Douglas Ostling's condition.

officers-to-secure-a-scene" or a rule that police may treat every American citizen they encounter, be it a jaywalker or driver with expired tabs, as an armed threat. Rather, the test is of objective reasonableness. The resolution of this question is for a jury, and the Court will not invade that territory.

Lastly, Defendants argue that the Court "failed to address Defendants' causation argument," i.e., that the failure to provide medical aid did not cause Douglas's death because "[t]he sixth officer did not even arrive until 28 minutes after the shooting—when Douglas had already passed away." (Defs.' Mot. for Reconsideration at 3.) And because it was only reasonable to investigate Douglas's condition when six (and not five) officers were on scene (as a matter of law), the officers could not have caused Douglas's death. *See id.*

As noted above, the Court cannot determine as a matter of law that officers were objectively reasonable in waiting for a sixth officer to arrive. Thus, the Court cannot determine that the officers' failure to provide medical aid did not cause Douglas's death.

## CONCLUSION

For the reasons stated above, the motion for reconsideration (Dkt. #102) is **GRANTED** in part and **DENIED** in part.

Dated this 10th day of May 2012.

Ronald B. Leighton
United States District Judge