The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM OSTLING, individually and as Personal Representative of the Estate of DOUGLAS OSTLING, deceased; JOYCE OSTLING; and TAMARA OSTLING;<br><br>Plaintiffs,<br>v.<br><br>CITY OF BAINBRIDGE ISLAND, a political subdivision of the State of Washington; JON FEHLMAN; and JEFF BENKERT;<br><br>Defendants. | NO. 3:11-cv-05219-RBL<br><br>**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>NOTE ON MOTION CALENDAR: July 6, 2012 |

## I. INTRODUCTION

Plaintiffs hereby petition the Court for an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988. As the Court knows first-hand, this was a very difficult and hard-fought civil rights case involving unique issues. Countless hours and thousands of dollars were invested in the case by Plaintiffs' counsel, working on a contingent basis. For the reasons set forth in greater detail below, the Court should award reasonable attorneys' fees and costs. To compensate for the extraordinary risk borne by Plaintiffs' counsel, among other factors, the Court should also apply a lodestar multiplier of 1.5.

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

## II. STATEMENT OF FACTS

As the Court will recall, this case arose from the death of Bainbridge Island resident Douglas Ostling at the hands of Bainbridge Island police officers. Doug was killed after two officers came to his residence to conduct a routine "welfare check." Within minutes of responding to the call, those officers—who were untrained and unprepared to deal with Doug's mental illness—panicked and fired shots through the door to his room, striking him in the leg. The officers then cordoned off the room, depriving Doug of medical aid while he bled to death over the ensuing hour and fifteen minutes.

This lawsuit was filed on March 22, 2011, and the parties subsequently engaged in extensive discovery and motions practice. The defendants produced thousands upon thousands of pages of documents during discovery, including training records, personnel files, department manuals, documentation from other/prior calls, medical and psychiatric records, correspondence, and other documents. Nine expert witnesses were disclosed (five of them by the defense), and twenty-one depositions were taken (including two defense experts whose depositions occurred out-of-state). Numerous motions were filed, briefed, and argued by the parties, including a motion for judgment on the pleadings on Plaintiffs' *Monell* claims, a complex motion for summary judgment on issues of standing, evidentiary sufficiency, and qualified immunity, and additional motions on discovery issues that were necessitated by the defendants' unending reluctance to allow access to information.

The case ultimately proceeded to trial on May 14, 2012. Following eleven days of testimony, evidence, and argument, and following two full days of deliberation, the unanimous jury found that the City of Bainbridge Island and its chief of police had violated the plaintiffs' constitutional rights and had caused the death of Douglas Ostling through their

MOTION FOR ATTORNEYS' FEES & COSTS - 2 of 9
(No. 3:11-cv-05219-RBL)

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

failure to properly train the department's officers—a failure that the jury found rose to the level of deliberate indifference. Plaintiffs now petition the Court for an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

### III.     LEGAL AUTHORITY & ARGUMENT

Under 42 U.S.C. § 1988, a prevailing plaintiff in a civil rights case "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933 (1983); *Thomas v. City of Tacoma*, 410 F.3d 644, 647 (9th Cir. 2005). The United States Congress enacted § 1988 after recognizing that "private-sector fee arrangements were inadequate to ensure sufficiently vigorous enforcement of civil rights." *City of Riverside v. Rivera*, 477 U.S. 561, 578, 106 S.Ct. 2686 (1986).

> In cases covered by section 1988, the plaintiffs seek to vindicate civil and constitutional rights guaranteed to everyone. Through these suits, plaintiffs act as private attorneys general and often secure important results that benefit society as a whole. …
>
> The goal was to ensure a reasonable attorney's fee so that when constitutional violations occurred, competent counsel would be willing to come forward and assist the wronged parties in the vindication of their rights.

*Clark v. City of Los Angeles*, 803 F.2d 987, 991 (9th Cir. 1986).

The Court should calculate the award of attorneys' fees using the lodestar method, i.e. by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *c.f. Hensley*, 461 U.S. at 433 ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").

MOTION FOR ATTORNEYS' FEES & COSTS - 3 of 9
(No. 3:11-cv-05219-RBL)

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

When determining the reasonable hourly rate, the relevant community is the forum in which the district court sits—the Western District of Washington, in this case. *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997); *Camacho*, 523 F.3d at 978. In calculating the reasonable number of hours expended, the Court should include an award for hours spent prosecuting related claims—even if not all claims were ultimately successful at trial:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.

*Hensley*, 461 U.S. at 433; *see also Thomas*, 410 F.3d at 349; *Rivera*, 477 U.S. at 578 ("In order to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case."). Plaintiffs' counsel are not required to record in great detail how each minute of their time was expended, provided that the general subject matter of the time expenditures is included. *Hensley*, 461 U.S. at 437 n. 12; *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004).

The Court should also award Plaintiffs their costs. Under 42 U.S.C. § 1988, "the prevailing party may recover as part of the award of attorney's fees those out-of-pocket expenses that would normally be charged to a fee paying client." *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). This remains true even where the cost in question is not specifically taxable under 28 U.S.C. § 1920. *Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994). For example, the costs associated with deposing the non-prevailing party should ordinarily be included. *Id*. at 20.

MOTION FOR ATTORNEYS' FEES & COSTS - 4 of 9
(No. 3:11-cv-05219-RBL)

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

**A.　Reasonable Hourly Rates**

The National Law Journal's 2011 sampling of law firm billing rates gives insight into the prevailing rates in the Western District and also provides a useful comparison to rates around the country. That survey reveals that hourly rates for associate attorneys in the greater Seattle area are sometimes as high $590 per hour, while the highest hourly billing rate for a partner at any of the Seattle law firms included in that survey was $875.[1] The *average* hourly billing rate for partners at Lane Powell was $460, while at Perkins Coie the average rate for partners is $550.[2] Those same figures for associates were $295 and $368, respectively.[3]

In this case, Plaintiffs have billed their time according to the following rate schedule:

| **Individual** | **Role** | **Rate** |
| --- | --- | --- |
| John R. Connelly, Jr. | Partner/Trial Consultant | $550 |
| Julie A. Kays | Associate/Second Chair | $350 |
| Nathan P. Roberts | Associate/First Chair | $325 |
| Pamela S. Wells | Litigation Paralegal | $125 |

Basic professional and biographical information about each individual is included in their declaration. When compared to other law firms operating within the Western District, as reported in the National Law Journal's survey, it becomes clear that Plaintiffs' requested hourly rates are reasonable and squarely in-line with the prevailing rates in the relevant legal community. The Court should award Plaintiffs' attorneys their requested hourly rates.

**B.　Reasonable Number of Hours**

Plaintiffs' counsel have constructed time records based on their review of the files in

---

[1] National Law Journal Billing Rate Survey, 2011, Ex. B to Roberts Decl.
[2] Id.
[3] Id.

MOTION FOR ATTORNEYS' FEES & COSTS - 5 of 9
(No. 3:11-cv-05219-RBL)

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

this matter, including the pleadings, correspondence, court file, discovery materials, electronic mail records, electronic and paper calendars, and their own recollections. Those records are attached to the declarations of counsel submitted herewith. The number of hours listed in the declaration is, if anything, extraordinarily conservative; countless hours were spent on phone calls, informal conferences, and miscellaneous matter and tasks were never documented and have since been forgotten (and are therefore excluded from this request). The total number of hours expended by each individual is included here in summary format, for ease of reference:

| **Individual** | **Role** | **Total Hours** |
| --- | --- | --- |
| Nathan P. Roberts | Associate/First Chair | 626.4 |
| Julie A. Kays | Associate/Second Chair | 293.5 |
| Pamela S. Wells | Litigation Paralegal | 275.6 |
| John R. Connelly, Jr. | Partner/Trial Consultant | 79.8 |

**C.     Lodestar Multiplier**

Once the Court has determined the basic lodestar amount, the Court should then "adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000); *Clark v. City of Los Angeles*, 803 F.2d 987, 991 (9th Cir. 1986) (affirming District Court's use of 1.5 lodestar multiplier in difficult § 1983 case prosecuted on a contingent basis). Additional factors to be considered by the Court include the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, and the results obtained. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Clark*, 803 F.2d at 991.

MOTION FOR ATTORNEYS' FEES & COSTS - 6 of 9
(No. 3:11-cv-05219-RBL)

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

This matter was accepted on a contingent basis. Thus, as in *Clark*, it was never clear that Plaintiffs' counsel would be compensated *at all* until the jury reached a verdict. *See Clark*, 803 F.2d at 992. In fact, the odds were against them in that regard; according to the Bureau of Justice Statistics, the chances of prevailing at a jury trial in a civil rights case are approximately 33%.[4] And even if the Court ultimately awards fees in this case, it remains unclear when, if ever, the award will *actually* be paid.[5] Other potentially easier and more-lucrative cases were not being taken or pursued by Plaintiffs' counsel during the time expended on this matter, as Plaintiffs' counsel were "necessarily precluded" from such matters.[6] *Clark*, 803 F.2d at 991.

Moreover, this case involved the very novel question of whether police departments have an obligation to train their officers on the nuances of dealing with the mentally ill—despite any prior jury finding or any clear or controlling case law suggesting that they have such a duty. *C.f. Kerr*, 526 F.2d at 70. As for the skill involved, the Court can take judicial notice—as a former trial attorney—that there is nothing easy about trial work and that, to the contrary, a great deal of skill, time, and effort must go into the nuances of case preparation, witness presentation, and "story telling" for the benefit of the jury's understanding. *Id*. Finally, a $1 million verdict in a case without any special damages whatsoever is objectively a very good result.

---

[4] If the Court were to try to normalize for this statistic, the appropriate lodestar multiplier would be 3.0—double what Plaintiffs' counsel is requesting. *See* Bureau of Justice Statistics Report, Ex. D to Roberts Decl.

[5] As if to underscore this particular point, the defense filed motions for judgment notwithstanding the verdict, for a new trial, and to stay proceedings and judgment enforcement as this motion was being written. Dkt. #148 & 151.

[6] *See* Roberts Decl. ¶ 6.

MOTION FOR ATTORNEYS' FEES & COSTS - 7 of 9
(No. 3:11-cv-05219-RBL)

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

**D. Out-of-Pocket Costs**

Plaintiffs' counsel incurred substantial out-of-pocket costs prosecuting this case, including travel expenses, copying charges, court reporter fees, and other charges. Those costs are detailed in the declaration of Sarah L. Streck, Office Manager and bookkeeper for Connelly Law Offices. Out-of-pocket costs totaled $82,657.40.

**E. Summary**

In summary, the Court should award attorneys fees in the total amount of $576,967.50 and out-of-pocket costs in the amount of $82,657.40, for a total of $659,624.90. The attorneys' fees figure of $576,967.50 was reached by multiplying the hourly rates set forth above by the number of hours worked for each individual, followed by application of the requested multiplier of 1.5; the pre-multiplier lodestar amount was $384,645.00, as follows:

| Individual | Role | Rate | Hours | Base | Lodestar |
|---|---|---|---|---|---|
| Nathan P. Roberts | First Chair Associate | $325.00 | 626.4 | $203,580.00 | $305,370.00 |
| Julie A. Kays | Second Chair Associate | $350.00 | 293.5 | $102,725.00 | $154,087.50 |
| John R. Connelly, Jr. | Consultant Partner | $550.00 | 79.8 | $43,890.00 | $65,835.00 |
| Pamela S. Wells | Litigation Paralegal | $125.00 | 275.6 | $34,450.00 | $51,675.00 |
| Total Fees | | | | $384,645.00 | $576,967.50 |
| Total Costs | | | | $82,657.40 | $82,657.40 |
| **Total** | | | | **$467,302.40** | **$659,624.90** |

## IV. CONCLUSION

This was a difficult civil rights case, and Plaintiffs' counsel bore substantial risk in taking the matter on a contingency basis. The Court should award reasonable attorneys' fees and out-of-pocket costs in the amount set forth above, including the lodestar multiplier of 1.5.[7] Anything less would potentially undermine the congressional purpose of enacting 42 U.S.C. § 1988—i.e. "to ensure a reasonable attorney's fee so that when constitutional violations occurred, competent counsel would be willing to come forward and assist the wronged parties in the vindication of their rights." *Clark*, 803 F.2d at 991.

Respectfully submitted this 15th day of June, 2012.

CONNELLY LAW OFFICES

By_____
John R. Connelly, Jr. WSBA No. 12183
Julie A. Kays, WSBA No. 30385
Nathan P. Roberts, WSBA No. 40457
2301 North 30th Street
Tacoma, WA 98403
Phone: (253) 593-5100
E-mail: jconnelly@connelly-law.com
E-mail: jkays@connelly-law.com
E-mail: nroberts@connelly-law.com
Attorneys for Plaintiffs

---

[7] A proposed order, including findings of fact and conclusions of law, will be submitted along with Plaintiffs' reply brief.

MOTION FOR ATTORNEYS' FEES & COSTS - 9 of 9
(No. 3:11-cv-05219-RBL)

**CONNELLY LAW OFFICES**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax